UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
East St. Louis Division

| | |
|---|---|
| WILLIAM FREDERICK PETERSEN, ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | **Cause No. 3:17-cv-00097** |
| ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC. ) | |
| *Defendant*. ) | |

## COMPLAINT WITH JURY TRIAL DEMAND

### PRELIMINARY STATEMENT

1. This action is based on Defendants' false reporting on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable reinvestigations with respect to such information.

2. The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 (West) *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources (called "furnishers") that provide credit information to credit reporting agencies.

**PARTIES**

3. Plaintiff William Frederick Petersen (hereinafter "Petersen"), is a natural person who resides in Illinois.

4. Petersen is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C.A. § 1681a(c) (West).

5. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is a credit bureau that conducts business in Illinois.

6. Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and use interstate commerce to prepare and/or furnish the reports, and accordingly, is considered a "consumer reporting agency" as that term is defined by 15 U.S.C.A. § 1681a(f).

**JURISDICTION AND VENUE**

7. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 *et seq.*, jurisdiction of this Court arises under 28 U.S.C.A. § 1331 (West).

8. Venue is proper in this Court because a substantial part of the claim arose in Illinois, Petersen resides in Illinois and all Defendants "reside" in Illinois, as that term is used in 28 U.S.C.A. § 1391 (West).

**FACTUAL ALLEGATIONS**

9. Petersen filed for a Chapter 13 bankruptcy on August 25, 2010 in the Southern District of Illinois under Cause No. 10-32210.

10. Petersen received a discharge of his debts by Order of that Court, dated September 17, 2015. A copy of the Discharge is attached as "Exhibit A."

11. Thereafter, in November of 2016, Petersen obtained a copy of his credit report as published by Experian.

12. That report contained erroneous information as provided by Associated Bank, Bank of America, CitiMortgage, Inc., Discover Financial Services and Capital One; published and reported by Experian. Specifically, the Experian credit report failed reflect that each of the foregoing obligations (with the exception of Capital One) were included in Petersen's Chapter 13 bankruptcy on September 17, 2015, the date Petersen received a Discharge Order. As for the Capital One tradeline, it failed to reflect that the former obligation was included and subsequently discharged via Petersen's Chapter 13 Plan.

13. Because Petersen filed for bankruptcy on August 25, 2010 and received a Discharge Order on September 17, 2015, the information featured on his Experian report was inaccurate and misleading.

14. In a letter dated November 11, 2016, Petersen disputed the inaccurate and misleading information to Experian and advised Experian of the specific facts that rendered the reporting inaccurate and misleading. A copy of the dispute letter is attached as "Exhibit B."

15. By information and belief, Experian did not conduct a reinvestigation as it was required.

16. Experian did not respond or provide Petersen with a reinvestigation report or updated consumer credit disclosure as is required and customary. Experian did not correct the aforementioned errors following receipt of Petersen's dispute.

17. Experian was required to communicate the specifics of Petersen's dispute to Associated Bank, Bank of America, CitiMortgage, Inc., Discover Financial Services and Capital

One. Likewise, Associated Bank, Bank of America, CitiMortgage, Inc., Discover Financial Services and Capital One had a duty to investigate the dispute and accurately report its findings to Experian.

18. Further, Experian had an affirmative duty to reasonably reinvestigate the dispute submitted by Petersen and to accurately report the tradeline information notwithstanding the information it received from Associated Bank, Bank of America, CitiMortgage, Inc., Discover Financial Services and Capital One.

19. Experian is responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports from information in their shared databases.

20. Experian breached their duty as described above.

21. Due to Experian's failure to conduct a reasonable reinvestigation of Petersen's dispute, the misleading and inaccurate information on Petersen's credit report was not appropriately deleted or modified.

22. As a result of Experian's willful actions and omissions, Petersen eligible for actual damages, statutory damages, punitive damages and reasonable attorney's fees.

**TRIAL BY JURY**

23. Petersen is entitled to and hereby requests a trial by jury.

**CAUSES OF ACTION**

**COUNT I:   VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
[15 U.S.C.A. § 1681e(b) and 1681i (West)]

24. Petersen incorporates by reference all preceding paragraphs as though fully stated herein.

25. Experian willfully and/or negligently violated 15 U.S.C.A. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Petersen's consumer reports.

26. Experian willfully and/or negligently violated 15 U.S.C.A. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Petersen's dispute and by failing to appropriately delete or modify inaccurate information in Petersen's file.

27. As a result of Experian's violation of 15 U.S.C.A. § 1681e(b), Petersen has suffered actual damages and is therefore entitled to recover actual damages pursuant to 15 U.S.C.A. § 1681n and 1681o (West).

28. Experian's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n.

29. Petersen is entitled to recover costs and attorney's fees from Experian pursuant to 15 U.S.C.A. § 1681n and 1681o.

**WHEREFORE**, Plaintiff William Frederick Petersen respectfully requests the following relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages pursuant to 15 U.S.C.A. § 1681n;

d. Reasonable attorney's fees and costs pursuant to 15 U.S.C.A. § 1681n and/or 1681o;

e. That an Order be issued for the Defendants to modify, delete or block the inaccurate information being reported; and

    f.   Such other and further relief as may be just and proper.

                                        Respectfully submitted,

                                        */s/ Travis W. Cohron*
                                        Travis W. Cohron, No. 29562-30
                                        **BARKER HANCOCK & COHRON**
                                        198 South Ninth Street
                                        Noblesville, IN 46060
                                        Telephone: (317) 203-3000
                                        tcohron@bhclegal.com
                                        ***Counsel for the Plaintiff***